UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**     **ORDER DENYING DEFENDANT DELAMARTER'S MOTION FOR REMAND [41]**

The matter is before the Court on Defendant Rick B. Delamarter, M.D.'s ("Dr. Delamarter") motion to remand. (Docket No. 41.) The motion is made on the basis that the Court cannot exercise diversity jurisdiction over this case, because both Plaintiff Mikhail Reider-Gordon ("Plaintiff") and Dr. Delamarter are citizens of California as alleged in the First Amended Complaint ("FAC"). *See* 28 U.S.C. §§ 1332(a), 1447(e). The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After careful consideration of the parties' papers, the motion is **DENIED.**

## I. FACTUAL BACKGROUND

This is a products liability action. The following facts are alleged in the original complaint:[1]

Plaintiff sought medical consultation and treatment from Dr. Delamarter, an orthopedic surgeon who operates Defendant Spine Institute. (Compl. ¶ 14.) Dr. Delamarter diagnosed Plaintiff with degenerative disc disease of the disc between the C-5 and C-6 cervical vertebras. (*Id.* ¶ 15.) Plaintiff began researching treatment options and learned of an artificial cervical disc called "ProDisc," which could be inserted in place of the degenerated disc. (*Id.* ¶ 16.) The disc was and is manufactured by Defendant Synthes. (*Id.*)

When Plaintiff learned of ProDisc, it had not been approved by the Food and Drug

---

[1] The original complaint named the following as defendants: Synthes Spine Co., L.P. (incorrectly named "Synthes Spine Company, L.P., a Delaware limited partnership") ("Synthes"), Spine Solutions, Inc. ("Spine Solutions"), Viscogliosi Brothers LLC, Marc R. Viscogliosi, John Viscogliosi, Anthony O. Viscogliosi, and Spine Institute of Santa Monica, California ("Spine Institute") (collectively, "Defendants").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | | Date | June 22, 2010 |
|---|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | | |

Administration ("FDA"), but was undergoing clinical trials.[2] Plaintiff read multiple reports of the purported success of ProDisc artificial disc trials. Plaintiff read that ProDisc had been through rigorous testing conducted by numerous doctor, including Dr. Delamarter. At this time, Plaintiff did not know that many of the doctors performing the trials, including Dr. Delamarter, were investors in Spine Solutions, either directly or as investors in funds that invested in the company, and those doctors thereby had a large financial interest in the outcome of the trials. (*Id.* ¶ 17.)

Plaintiff read claims by Dr. Delamarter that he had presided over the study of ProDisc. Dr. Delamarter and others claimed ProDisc had been found to result in significantly better outcomes than alternative treatments. Plaintiff avers that Defendants intentionally caused physicians implanting the device, the public, the FDA, and her to erroneously believe that the studies were legitimate, independent studies performed by disinterested physicians. In reality, many of the physicians who performed the studies, including Dr. Delamarter, had significant interest in the outcome of the studies. (*Id.* ¶ 18.)

Based on Defendants' misrepresentations, Plaintiff had cervical spinal surgery performed by Dr. Delamarter. (*Id.* ¶ 20).[3] Several months following the implantation of ProDisc, Plaintiff experienced pain in the neck and arms, along with numbness and tingling. (*Id.* ¶ 24.)

On September 12, 2008, Plaintiff experienced a total "body shock" with intense pain radiating through the neck and arms, with the left arm immobile for sixteen hours and she was unable to walk. (*Id.* ¶ 28.)

On December 16, 2008, Dr. Delamarter removed the ProDisc-C from Plaintiff's cervical spine and performed a fusion of the C5-C7 cervical vertebras. (*Id.* ¶ 30.)

After her surgery, Plaintiff learned of the defective nature of ProDisc and Defendants' fraudulent conduct. The damage caused by the defectively designed and improperly installed ProDisc resulted in Plaintiff having a significantly reduced range of motion in the cervical area, intermittent pain in the neck and arms, along with the inability to maintain proper posture and sit

---

[2] Synthes and Spine Solutions submit that ProDisc-C, a prescription Class III medical device, is currently approved by the FDA for the treatment of degenerative disc disease in the cervical spine. (Synthes and Spine Solutions' Opp'n at 3.)

[3] According to Synthes and Spine Solutions, the procedure was performed by Dr. Delamarter as part of the FDA-approved ProDisc-C clinical trial being conducted across the country. (Synthes and Spine Solutions' Opp'n at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | |

before a computer to perform functions related to her employment. (*Id.* ¶ 31.)

On December 14, 2009, Plaintiff filed this action in the Superior Court of California for the County of Los Angeles. The original complaint alleges five causes of action predicated on state law: (1) fraud and misrepresentation; (2) negligence; (3) strict liability in tort-products; (4) breach of warranty; and (5) conspiracy.

Thereafter, on January 28, 2010, Synthes, removed the action to this Court. (Docket No. 1.) In the Notice of Removal, Synthes claims that the Court has both diversity *and* federal question jurisdiction over this action. According to Synthes, there is complete diversity in this action because Plaintiff, a citizen of California, Synthes, a citizen of Delaware and Pennsylvania, and the Viscogliosi Defendants, citizens of New York, are completely diverse. (Notice of Removal ¶¶ 12-16.) Further, Synthes submits that the inclusion of Defendants Spine Institute and Spine Solutions, both California citizens, do not destroy complete diversity because they were improperly joined. (*Id.* ¶¶ 19-34.)

With regard to federal question jurisdiction, Synthes asserts that this case requires resolution of federal issues related to regulation by the FDA of ProDisc-C, and in particular, FDA regulations related to the alleged financial interests of certain clinical investigators in ProDisc-C clinical trial. (*Id.* ¶¶ 35, 39.)

On March 10, 2010, Plaintiff filed her First Amended Complaint ("FAC"), which added Dr. Delamarter, a California citizen, as a defendant. (FAC ¶¶ 9, 13.) The FAC alleges seven causes of action predicated on state law: (1) fraud and misrepresentation; (2) negligence; (3) medical negligence; (4) breach of fiduciary duty; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) strict liability in tort-products; (8) breach of warranty; and (9) conspiracy.

In light of Dr. Delamarter's addition as a named defendant, Dr. Delamarter filed the instant motion seeking remand for want of complete diversity. Both Plaintiff and Defendants Synthes and Spine Solutions oppose the motion.

## II.   DISCUSSION

### A.   *Diversity Jurisdiction*

Title 28 U.S.C. § 1447(e) provides that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Congress added

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | |

subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." *Cross v. Kellwood Retail Group*, 2009 U.S. Dist. LEXIS 10065, at *9 (N.D. Cal. Feb. 3, 2009) (citing H.R. Rep. No. 100-889, at 72-73 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6033). Section 1447(e) is permissive, and gives the district court the discretion to permit or deny joinder. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

When deciding whether to allow amendment to add non-diverse defendants, Courts generally consider the following factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Rule 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

Here, with regard to the first factor, "the court is not required to undertake a Rule 19 analysis." *Cross*, 2009 U.S. Dist. LEXIS 10065, at *15. Because Dr. Delamarter was Plaintiff's treating physician who was responsible for implanting the allegedly defective medical device, he is needed for just adjudication of this action.

With regard to the second factor, Defendants Synthes and Spine Solutions concede that Plaintiff would not be barred by the statute of limitations from bringing claims against Dr. Delamarter in the state court. (Synthes and Spine Solutions' Opp'n at 9.)

As for the third factor, Plaintiff explained that the delay in adding Dr. Delamarter as a named defendant was due to her compliance with the 90-day notice requirement of California Code of Civil Procedure § 364(a).[4] Plaintiff explained that as a matter of law, she could not have named Dr. Delamarter as a defendant until the expiration of the notice period under § 364. Plaintiff gave Dr. Delamarter notice of her intent to commence an action by filing a complaint with the Medical Board of California on December 6, 2009. Accordingly, her filing of the FAC to add Dr. Delamarter on March 10, 2010 does not constitute unreasonable delay.

---

[4] Section 364(a) provides:
No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action.

Cal. Code Civ. P. § 364(a).
.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | |

As for the fourth factor, whether joinder is intended solely to defeat federal jurisdiction, the Court doubts that this was Plaintiff's motive for adding Dr. Delamarter as a defendant given her explanation that the Dr. Delamarter's joinder was delayed due to her compliance with § 364. Further, Plaintiff herself objects to the instant motion to remand, which suggests that her filing of the FAC was not made solely for the purpose of defeating federal jurisdiction.

As for the fifth factor, the validity of the claims against the new defendant, the Court recognizes that Plaintiff may have valid claims against Dr. Delamarter.

Finally, denying the amendment would require Plaintiff to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against Dr. Delamarter.

In consideration of the above factors, the Court allows the amendment of the original complaint to add Dr. Delamarter as a named defendant. However, this does not end the inquiry. Notwithstanding the addition of the non-diverse party, remand is not warranted because Plaintiff has alleged sufficient facts in the original complaint to support federal question jurisdiction. Accordingly, as further discussed below, the motion for remand must be denied under the circumstances of this case.

### B.  *Federal Question Jurisdiction*

In opposing the instant motion, Plaintiff and Defendants Synthes and Spine Solutions argue that the Court may continue its exercise of subject matter jurisdiction over this action despite the lack of complete diversity because the adjudication of this case requires resolution of federal issues.

Plaintiff posits that even a simple analysis of the original complaint and FAC reveals that Plaintiff's claims are predicated on the premarket approval process and clinical trial procedures governed exclusively under FDA regulations. (Pl.'s Opp'n at 9.) Plaintiff asserts that almost all of the claims stated in the FAC relate to the named defendants' violation of FDA regulations during premarket approval and clinical trial processes. Plaintiff concludes that the predominance of these federal claims and their overlap with the state claims "make[] this action appropriate for federal jurisdiction." *Id.*

A defendant may remove a civil action from state court to federal court pursuant to the federal removal statute, based on either federal question or diversity jurisdiction. 28 U.S.C. § 1441. "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airline, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | | Date | June 22, 2010 |
|---|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | | |

removal means that "the defendant always has the burden of establishing that removal is proper." *Id.* Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Based on the strong presumption against removal jurisdiction, the case must be remanded if the court has any doubts about its subject matter jurisdiction. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The Supreme Court instructs, "[t]o determine whether [a] claim arises under federal law, we examine the 'well-pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Id.* Federal question jurisdiction only extends to cases "in which a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal citation and quotation marks omitted). Additionally, the plaintiff is the master of the claim and "can avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

If a complaint solely asserts state-law or common-law claims on its face, removal jurisdiction may still be appropriate if "some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). This can happen if, for instance, a plaintiff attempts to avoid federal jurisdiction by omitting from the complaint "federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law." *Id.* at 344 (quoting *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)). This exception to the well-pleaded complaint rule is known as the "artful pleading doctrine." Removal may also be appropriate if federal law completely preempts state law. The "complete preemption doctrine" exception to the well-pleaded complaint rule applies where the "preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). Thus, upon removal, the defendant must show that the "resolution of a federal . . . question is essential to each of [plaintiff's] alternative theories in support of any [] cause[] of action in the complaint. [I]f a single state law based theory of relief can be offered for each of the . . . causes of action in the complaint, then the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at 1486.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | |

Here, Synthes and Spine Solutions have met their burden of establishing federal question jurisdiction on removal. *See O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) ("In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed.").

Preliminarily, based on the face of the original complaint, this case is not removable because Plaintiff does not affirmatively allege any federal claim. *Anderson*, 539 U.S. at 6 ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). This notwithstanding, § 1331 jurisdiction may be established by a showing that resolution of a federal issue is *essential* to each of the alternative theories in support of *any* one of the original five causes of action upon which Synthes predicates federal question jurisdiction. *Duncan*, 76 F.3d at 1486. "Stated another way, if a single state-law based theory of relief can be offered for each of the [five] causes of action [at issue in this motion], then the exercise of removal jurisdiction was improper." *Id.*

First, with regard to the first cause of action, fraud and misrepresentation, Plaintiff's right of relief does not necessarily depend on the resolution of a federal question. While defendants may have violated federal law in the course of defrauding Plaintiff by failing to disclose to the FDA certain information during premarket approval and clinical trial processes, Defendants may be held liable for this claim based on a state-law based theory of relief. In other words, Plaintiff's right of relief under the first cause of action may come from a determination that Defendants defrauded Plaintiff by failing to disclose to her certain information to induce her to undergo ProDisc-C implantation. *Cf. Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001) (holding that plaintiffs' state law fraud-on-the-FDA claims are preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA") and the Medical Devices Amendments because plaintiffs' claims are based solely on the violation of the FDCA and "the existence of these federal enactments is a critical element in their case.").

As for the second cause of action, negligence, Plaintiff's right of relief based on this claim does not necessarily depend on a determination that Defendants violated FDA regulations. In the original complaint, Plaintiff avers that "Defendants were negligent in the manufacturing and the labeling of the ProDisc and in addition that the manufacture and labeling were not as approved by the FDA and as such violated federal law." (Compl. ¶ 136.) Based on the allegations in the original complaint, Defendants may be held liable based on a finding that they were negligent in manufacturing and labeling of ProDisc, and a finding that they violated FDA regulations is not a necessary element of their negligence claim. *See Medtronic, Inc. v. Lohr*, 518 U.S. 470, 503 (1996) (holding that plaintiff's strict liability and negligent labeling and manufacturing claim is not necessarily preempted by the FDCA).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 ODW (Ex) | Date | June 22, 2010 |
|---|---|---|---|
| Title | *Mikhail Reider-Gordon v. Synthes Spine Co., L.P. et al.* | | |

    As for the fourth and the fifth causes of action for breach of warranty and conspiracy, respectively, such claims do not require resolution of a federal issue.

    However, with regard to Plaintiff's claim predicated on strict liability, the third cause of action, Defendants' alleged violation of FDA regulations is a critical element of her claim. In fact, her strict liability claim is based solely on Defendants' violation of federal regulations. In support of this claim, Plaintiff alleges that the ProDisc "was not manufactured and labeled as approved by the FDA. In this connection, the ProDisc was unreasonably dangerous" to Plaintiff. (Compl. ¶ 141.) Plaintiff also alleges that Defendants are strictly liable because they have "circumvented the Pre-Marketing approval process set out by the FDA." (*Id.* ¶ 142.) Further, Plaintiff alleges that "providing financial incentives to physicians performing the testing and evaluation is a direct violation of the FDA approval process or in the alternative a violation of the implied purpose of the FDA Pre-Market Approval process." (*Id.*) Plaintiff concludes that "[t]he circumvention of the Pre-Market Approval process by the Defendants allowed the Defendants to market in United States a device that is inherently dangerous." (*Id.* ¶ 143.) Based on Plaintiff's own allegations, her right to relief, at least with respect to the strict liability claim, necessarily depends on resolution of the issue of whether Defendants circumvented the premarketing approval process set out by the FDA. For this reason, the Court finds that it may properly exercise federal question jurisdiction over this claim, and supplemental jurisdiction over the remaining state claims.

### III. CONCLUSION

    For the foregoing reasons, the motion for remand is **DENIED.**

    **IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |