1  CHRISTOPHER D. JOHNSON (SBN: 36603)
2  cjohnson@johnsonpham.com
   CHRISTOPHER Q. PHAM (SBN: 206697)
3  cpham@johnsonpham.com
4  MARCUS F. CHANEY (SBN: 245227)
   mchaney@johnsonpham.com
5  JOHNSON & PHAM, LLP
6  6355 Topanga Canyon Boulevard, Suite #115
   Woodland Hills, CA 91367
7  Telephone: (818) 888-7540
8  Facsimile: (818) 888-7544

9  THOMAS V. GIRARDI (SBN: 36603)
10 tgirardi@girardikeese.com
   STEPHEN G. LARSON (SBN: 145225)
11 slarson@girardikeese.com
12 GIRARDI, KEESE
   1126 Wilshire Boulevard
13 Los Angeles, CA 90017
14 Telephone: (213) 977-0211
   Facsimile: (213) 481-1554
15
16 Attorneys for Plaintiff Mikhail Reider-Gordon

17
   PETER YU, JR. (SBN 254179)
18 YuP@gtlaw.com
   MATTHEW R. GERSHMAN (SBN 253031)
19 GershmanM@gtlaw.com
20 GREENBERG TRAURIG, LLP
   2450 Colorado Avenue, Suite 400 East
21 Santa Monica, CA 90404
   Telephone: (310) 586-7700
22 Facsimile: (310) 586-7800

23 LORI G. COHEN (Admitted *PRO HAC VICE*)
   cohenl@gtlaw.com
24 CHRISTIANA JACXSENS (Admitted *PRO HAC VICE*)
   jacxsensc@gtlaw.com
25 GREENBERG TRAURIG, LLP
   The Forum
26 3290 Northside Parkway, Suite 400
   Atlanta, GA 30327
27 Telephone: (678) 553-2100
   Facsimile: (678) 553-2212
28

---

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER
ATL-17,950,981v3

1  Attorneys for Defendant Synthes USA Sales, LLC,
   as successor by conversion to Synthes Spine Company, L.P.
2  and Defendant Spine Solutions, Inc.

3  ROBERT M. DAWSON (SBN 81790)
4  rmdawson@fulbright.com
   FULBRIGHT & JAWORSKI, L.L.P.
5  555 S. Flower Street
6  41st Floor
   Los Angeles, CA 90071
7
8  Attorneys for Defendant Rick Delamarter, M.D.

9

10                    UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 12  MIKHAIL REIDER-GORDON | Case No. 2:10-CV-00641 GAF (Ex) |
| 13           Plaintiff, | |
| 14  vs. | **CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |
| 15  SYNTHES SPINE COMPANY, L.P., A Delaware limited partnership; SPINE SOLUTIONS, INC., a Delaware Corporation; SPINE INSTITUTE IN SANTA MONICA, INC., a business entity of unknown status in California; RICK B. DELAMARTER, M.D.; and DOES 1 - 10, Inclusive | [Complaint Filed: December 14, 2009] |
| 21           Defendants. | |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, Plaintiff Mikhail Reider-Gordon (hereinafter, "Plaintiff"), Defendant Synthes Spine Company, L.P. (hereinafter, "Synthes"), Defendant Spine Solutions, Inc. (hereinafter "Spine Solutions"), and Defendant Rick B. Delamarter (hereinafter, "Dr. Delamarter") and their undersigned counsel, and approved by the Court in the Order Approving Stipulated Confidentiality and Protective Order, as follows:

1. All materials and copies, transcriptions, or other reproductions of materials (hereinafter "Materials") produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the Central District of California, or by order of this Court, or otherwise, and which contain, describe, identify or refer to protected health information or information of a confidential, trade secret (as the term is defined in California Civil Code § 3426.1), or proprietary nature, shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party and shall be subject to the provisions of this Stipulated Confidentiality and Protective Order (the "Protective Order").[1]

2. Counsel for a party to this action may challenge the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation made by the producing party of any of the Materials by first requesting a "meet and confer" with the producing party in an attempt to amicably resolve the challenge. In the event agreement cannot be reached, the challenging party may make written application to this Court, subject to the requirements of Section 3 below and Local Rule 79-5 governing confidential court records, which application shall describe with specificity the particular materials for which the designation is being challenged and set forth with specificity any and all grounds for the

---

[1] Materials that may be subject to this Stipulated Protective Order, include but are not limited to, medical records or other documents containing protected health information of Plaintiff under HIPAA, documents related to the ProDisc-C Clinical Trial, documents related to the design and/or manufacture of ProDisc-C, documents submitted to and received from the FDA related to ProDisc-C, and financial documents.

1

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER
ATL-17,950,981v3

challenge, it being agreed that the party seeking to maintain the Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" generally will bear the burden of proof as to such designation. The Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such a challenge.

3. The Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including all protected health information, shall be used for purposes of <u>this action only</u> and for no other action or purpose whatsoever and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) and the parties to this action and their counsel, each of whom shall have executed a copy of this Protective Order prior to their receipt of the Materials.

In order to designate Materials as HIGHLY CONFIDENTIAL, the producing party must first provide notice to other parties including in that notice a list of the Materials at issue and a limited description. Any Materials designated as HIGHLY CONFIDENTIAL shall not be disclosed to the parties themselves unless and until the Receiving Party has successfully challenged the designation before the Court in which the action is pending. Before any such challenge is made, the Parties shall work cooperatively to resolve the dispute.

To the extent that a party to this action or counsel to a party to this action receives a subpoena, discovery request or order regarding the production of the Materials for another matter or action, the party in receipt of such a subpoena, discovery request, or order must provide prompt notice to the other parties in this action regarding the subpoena, discovery request or order.

4. The disclosure by counsel for a party to this action of the Materials to paralegals or any staff employed by a party's counsel, or to experts retained by a party's counsel shall not constitute a violation of, or a waiver of the protections afforded by this Protective Order so long as the person to whom disclosure is made has executed an

2

1  Affidavit in the form attached hereto as Exhibit A. A copy of each executed Affidavit in
2  the form attached hereto as Exhibit A shall be maintained by counsel for a party,
3  respectively.
4      5.  In the event the Materials themselves, or the contents of the Materials
5  designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are to be identified,
6  discussed, or disclosed during a deposition taken in this action of any person or entity
7  other than those persons or entities described in paragraphs 3 and 4 above, the deponent
8  shall be required to acknowledge on the record, before any identification, discussion or
9  disclosure of the Materials occurs that he or she has been advised of and has agreed to be
10 bound by the terms of this Protective Order.
11     6.  All portions of any deposition transcript taken in this action wherein the
12 Materials themselves, or the contents of the Materials designated "CONFIDENTIAL" or
13 "HIGHLY CONFIDENTIAL" are identified, discussed, or disclosed, shall also be
14 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be subject
15 to the terms of this Protective Order.
16     7.  In the event that counsel for a party wishes to identify, discuss, or disclose
17 the Materials or the contents of the Materials designated "CONFIDENTIAL" or
18 "HIGHLY CONFIDENTIAL" during the course of pre-trial or trial proceedings, he or
19 she shall, prior to each identification, discussion, or disclosure make reference to the
20 confidential nature thereof to the Court and to counsel for the party which produced the
21 Materials; and counsel for the producing party may at that time, or after such
22 identification, discussion, or disclosure, request that the Materials or the contents of the
23 Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" be filed
24 under seal with this Court and be subject to the terms of this Protective Order.
25     8.  In the event the Materials designated as "CONFIDENTIAL" or "HIGHLY
26 CONFIDENTIAL" or transcripts or other things wherein the Materials or the contents of
27 the Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are
28 identified, discussed, or disclosed, are filed or are otherwise deposited with the Clerk of

3

this Court, such materials shall be filed or deposited according to Local Rule 79-5 and in a sealed envelope bearing the following designation:

> "CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY FOR A PARTY IN THIS CASE."

9. Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivation for designating the Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" without first having obtained permission of the Court to do so.

10. This Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

11. Within thirty (30) days after final adjudication of this action, the Clerk of Court shall return under seal to counsel for the producing party all materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" including, without limitation, all transcripts or other things which were subject to the provisions of this Protective Order. Within thirty (30) days after final adjudication of this action, counsel then having possession, custody or control of such materials, transcripts, or other things designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall verify the complete destruction or return to counsel for the producing party or return to the producing healthcare provider of all such materials by executing and mailing to counsel for the producing party an Affidavit in the form attached hereto as Exhibit B. A copy of each executed Affidavit in the form attached hereto as Exhibit B shall be maintained by counsel for a party, respectively.

12. Nothing in this Protective Order shall be construed to preclude the producing party from seeking additional protection for the Materials or the contents of

the Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or from otherwise seeking a modification of this Protective Order.

13. Notwithstanding the date upon which the Court entered this Protective Order, this Protective Order shall become effective and binding upon each of the parties to this action, and each of their undersigned counsel, on the date each executes this Protective Order.

14. Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

15. This Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

16. Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Protective Order voluntarily and that the terms and provisions of this Stipulated Protective Order have been read and understood by them.

DATED: February 17, 2011

By: /S/ Matthew R. Gershman
Lori G. Cohen (Admitted *Pro Hac Vice*)
Christiana C. Jacxsens (Admitted *Pro Hac Vice*)
Peter Yu, Jr.
Mathew R. Gershman

Attorneys for Defendants Synthes USA Sales, LLC, as successor by conversion to Synthes Spine Company, L.P. and Spine Solutions, Inc.

DATED: February 17, 2011

By: /S/ Christopher Q. Pham (MRG)
Christopher D. Johnson
Christopher Q. Pham
Marcus F. Chaney
Thomas V. Girardi
Stephen G. Larson

Attorneys for Plaintiff Mikhail Reider-Gordon

DATED: February 17, 2011

By: /S/ Robert M. Dawson (MRG)
Robert M. Dawson
John C. Gray

Attorneys for Defendant Rick D. Delamarter, M.D.

**IT IS SO ORDERED.**

DATED: 2/17/11

Hon. Charles F. Eick
United States Magistrate Judge

Case 2:10-cv-00641-GAF -E   Document 66   Filed 02/17/11   Page 9 of 12   Page ID #:690

# EXHIBIT A

### AFFIDAVIT OF _____

STATE OF _____ )
                         ) ss:
COUNTY OF _____ )

 Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being duly sworn, states as follows:

 1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

 2. I am aware that a Protective Order has been entered in *Reider-Gordon v. Synthes Spine Company, L.P. et al.*, United States District Court for the Central District of California, Western Division, Case No: 2:10-CV-00641 GAF (Ex). A copy of that Protective Order has been shown to me, and I have read and understand its contents.

 3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "confidential" or "highly confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

 4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "confidential" or "highly confidential" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in

1 the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "confidential" or "highly confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request <u>all</u> materials (originals and copies) designated "confidential" to the counsel who originally directed that said materials be provided to me.

6. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated "confidential" or "highly confidential" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

Further Affiant sayeth not.

_____

Signature of Affiant

Subscribed and sworn to before me, this ____ day of _____, 201___.

_____

Notary Public

8

**CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**
ATL-17,950,981v3

# EXHIBIT B

# AFFIDAVIT OF _____

STATE OF _____ )
                                       ) ss:
COUNTY OF _____ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esq., who after first being duly sworn, states as follows:

1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I have requested and received from _____ all of the materials, transcripts, and other things described in *Reider-Gordon v. Synthes Spine Company, L.P. et al.*, United States District Court for the Central District of California, Western Division, Case No: 2:10-CV-00641 GAF (Ex). I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by _____ in accordance with the Protective Order which was entered by the Court in *Reider-Gordon v. Synthes Spine Company, L.P. et al.*, United States District Court for the Central District of California, Western Division, Case No: 2:10-CV-00641 GAF (Ex).

Further Affiant sayeth not.

_____
Signature of Affiant

9

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
ATL-17,950,981v3

1 | Subscribed and sworn to before me,
2 | this ____ day of _____, 201___.
3
4
5 | _____
6 |     Notary Public

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER
ATL-17,950,981v3