UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-00641 GAF (Ex) | Date | May 2, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     **(In Chambers)**

## ORDER TO SHOW CAUSE

## I.  INTRODUCTION AND BACKGROUND

This products liability action arises out of the implantation of an artificial cervical disc replacement device in Plaintiff Mikhail Reider-Gordon ("Plaintiff").

In 2004, Plaintiff was diagnosed by Defendant Rick B. Delamarter ("Delamarter")—an orthopedic surgeon who operates out of Defendant Spine Institute in Santa Monica, Inc. ("Spine Institute")—as having degenerative disc disease of the disc between the C-5 and C-6 cervical vertebras.  (Docket No. 16, First Amended Complaint ("FAC") ¶¶ 9, 15-16.)  After learning of this diagnosis, Plaintiff began researching treatment options and learned of an artificial cervical disc manufactured by Defendant Synthes Spine Company, L.P. ("Synthes") called "ProDisc," which could be inserted in place of the degenerated disc through a surgical procedure.  (Id. ¶ 17.)

When Plaintiff learned of ProDisc, it had not yet been approved by the Food and Drug Administration ("FDA") and was still undergoing clinic trials.  (Id. ¶ 18.)  Plaintiff read multiple reports of the purported success of ProDisc artificial disc trials and learned that the device had been through rigorous testing conducted by numerous doctors, including Delamarter.  (Id.)  However, Plaintiff alleges that at the time she was researching information about ProDisc, she did not know that many of the doctors performing the trials, including Delamarter, were investors in Defendant Spine Solutions, Inc. ("Spine Solutions"), which was a company purchased by Synthes in 2003 and involved in the commercialization of ProDisc.  (Id. ¶¶ 18, 35, 54.)  Moreover, Plaintiff avers that she was also unaware that these doctors had intentionally left

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 2, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

out of their reports that a large number of patients who had received the ProDisc implant "had outcomes less favorable than those that were included in the reports of the studies," and that there was "no acceptable salvage surgery in the event that the artificial disc failed" because removing the disc would be a life threatening surgery.  (Id. ¶ 20.)

Based on these alleged misrepresentations, Plaintiff had a cervical spinal surgery performed by Delamarter using the ProDisc device on May 30, 2005.  (Id. ¶ 21.)  For about three years following the surgery, Plaintiff avers that she felt "pain in the neck and arms, along with numbness and tingling," and had to attend physical therapy sessions for her cervical spine about one or three times a week.  (Id. ¶¶ 24-28.)  On September 12, 2008, Plaintiff allegedly "experienced a total 'body shock' with intense pain radiating through the neck and arms, with the left arm immobile for 16 hours and she was unable to walk."  (Id. ¶ 29.)  Due to these symptoms, Plaintiff visited Delamarter and was informed that because the ProDisc was shifted, there was a need to remove the device and fuse the cervical spine.  (Id. ¶ 30.)  Subsequently, on December 16, 2008, Delamarter removed the ProDisc device from Plaintiff's cervical spine and performed a fusion of the C5-C7 cervical vertebra.  (Id. ¶ 31.)

On December 14, 2009, Plaintiff filed suit against Defendants Synthes, Spine Solutions, Viscogliosi Brothers, LLC, Marc R. Viscogliosi, John J. Viscogliosi, Anthony G. Viscogliosi, and Spine Institute (collectively, "Defendants") alleging causes of action for fraud and misrepresentation, negligence, strict liability in tort-products, breach of warranty, and conspiracy in the Los Angeles County Superior Court.  (Docket No. 4, Ex. A [Compl.].)  Thereafter, on January 28, 2010, the case was removed to this Court invoking federal question and diversity jurisdiction under 28 U.S.C. sections 1331 and 1332, respectively.  (Docket No. 1, Not.)

On March 10, 2010, Plaintiff filed her FAC, which added Delamarter, a resident of California, as a defendant.  (FAC ¶ 9.)  In sum and substance, Plaintiff alleges in the FAC that Defendants, among other things, intentionally misrepresented the safety, effectiveness, and performance capabilities of ProDisc, and failed to disclose to the FDA, the public, other surgeons, and Plaintiff that the "doctors and clinics that were participating in the clinical trials would benefit financially if the FDA approved the device. . . ."  (Id. ¶ 56.)  Based on these allegations, Plaintiff averred the following seven state law causes of action in the FAC: (1) fraud and misrepresentation; (2) negligence; (3) medical negligence; (4) breach of fiduciary duty; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; and (7) strict liability in tort-products.  (Id. ¶¶ 55-188.)

To date, the only Defendants that remain in this case are Delamarter and Spine Institute.  (Docket Nos. 60, 71.)  The Court now questions whether it has subject matter jurisdiction over

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 2, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

this case based on the reasons discussed further below.[1]  For the following reasons, Delamarter and Spine Institute are **ORDERED TO SHOW CAUSE** why this case should not be remanded for lack of subject matter jurisdiction.

## II.  DISCUSSION

Federal courts are courts of limited jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  <u>Id.</u>  Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. section 1332; and (2) federal question under 28 U.S.C. section 1331.  William W. Schwarzer, et al., <u>California Practice Guide: Federal Civil Procedure Before Trial</u> § 2:2, at 2A-1 (2006).

### A. DIVERSITY JURISDICTION

Federal courts have jurisdiction on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and where the matter is between citizens of different states.  28 U.S.C. § 1332(a).  A person's state of citizenship is "determined by her state of domicile, not her state of residence."  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Moreover, "[i]t is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant."  <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 68 (2nd Cir. 1990) (citation omitted).

Here, both Plaintiff and Defendant Delamarter are residents of California.  (FAC ¶¶ 1, 9.)  Because individuals are usually domiciled in their state of residence, the Court believes that Plaintiff and Delamarter are likely citizens of California, which would defeat complete diversity in the present action.  <u>Cresswell</u>, 922 F.2d at 68.  As such, the Court finds that diversity

---

[1] The Court is aware that a prior motion to remand when Dr. Delmarter was added was denied by Judge Wright.  Although Judge Wright found that the joinder was not improper and indeed eliminated complete diversity, he essentially viewed the issue as moot on the basis of the court's federal question jurisdiction.  However, because the Court has doubt about the claimed federal question jurisdiction, and because the question of the Court's subject matter jurisdiction is never waived, the Court revisits the issue before undertaking further action in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 2, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

jurisdiction is most likely lacking in this case.[2]

## B. FEDERAL QUESTION JURISDICTION

"Federal district courts have original federal question jurisdiction of actions 'arising under the Constitution, laws, or treaties of the United States.'" Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987). "Generally, a claim 'arises under' federal law only if a federal question appears on the face of plaintiff's complaint." Hyung v. Kim, 2011 WL 1543821, at *1 (C.D. Cal. Apr. 25, 2011) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, the plaintiff is considered to be the master of the complaint and "may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Montana ("ARCO"), 213 F.3d 1108, 1114 (9th Cir. 2000) (citation omitted). "However, under the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Id. (internal quotation omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in (1) complete preemption cases, and (2) substantial federal question cases." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted). If a complaint asserts only state law claims, a federal court may still have federal question jurisdiction over the dispute if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claim." Rains v. Criterion Sys. Inc., 80 F.3d 339, 345 (9th Cir. 1996).

Here, there are no federal causes of action alleged on the face of Plaintiff's FAC. See (FAC.) As such, the only basis for federal question jurisdiction in this case would be pursuant to the "artful pleading rule." ARCO, 213 F.3d at 1114. In the FAC, Plaintiff has averred that in connection with the pre-market testing and evaluation of ProDisc, Defendants "violated the FDA approved process or . . . the implied purpose of the FDA Pre-Market Approval process." (FAC ¶ 181.) The FDA's pre-market approval of medical devices, such as ProDisc, is governed by the Medical Device Amendments of 1976 to the Federal Food, Drug, and Cosmetic Act ("FDCA"). Nimtz v. Cepin, 2011 WL 831182, at *3 (S.D. Cal. Mar. 3, 2011) (citing 21 U.S.C. § 301 et seq.). Thus, the Court will analyze below whether the FDCA completely preempts Plaintiff's state law causes of action or if the allegations in the FAC relating to the FDCA raise substantial federal questions.

---

[2] The Court also notes that Spine Institute could also be domiciled in California considering it is likely a corporation and conducts business in California. (FAC ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-00641 GAF (Ex) | Date | May 2, 2011 |
|----------|----------------------|------|-------------|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

### 1. COMPLETE PREEMPTION

"Preemption gives rise to federal question jurisdiction only when an area of state law has been *completely* preempted by federal law." Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. Aug. 31, 2009) (citation omitted) (emphasis added). Because "[t]he FDCA does not completely preempt state law," id., the Court finds that there is no federal question jurisdiction based on complete preemption. See also Hyung, 2011 WL 1543821, at *1 (noting that only "three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act [LMRA]; (2) claims under the Employment Retirement and Insurance Security Act (ERISA); and (3) certain Indian land grant rights.") (internal quotation and citation omitted).

### 2. SUBSTANTIAL FEDERAL QUESTION

Judge Wright previously concluded that, while the First, Second, Fourth and Fifth claims for relief were properly pled as state law claims, proof of at least one element of the Third Claim for strict liability required the resolution of a substantial federal question because that claim alleges that the ProDisc was not manufactured and labeled as approved by the FDA" and was therefore "unreasonably dangerous." The claim also alleges (although its relevance to the claim seems doubtful) that the FDA approval process has been violated because financial incentives were provided to physicians performing testing and evaluation of the device. Accordingly, the claim states, the device was unreasonably dangerous because the manufacturer had circumvented the pre-market approval process.

However, this Court is not persuaded that these allegations establish a substantial federal question and questions whether they can be raised at all given that there is no private right of action under the FDCA. The FDCA provides that all "proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337(a). "Courts have interpreted this provision to mean that there is no private right of action to enforce the Act's provisions." Perez, 657 F. Supp. 2d at 1161 (citations omitted). "When there is no private right of action under a federal statute such as the FDCA, 'the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'" Id. (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986)). For these reasons, the Court questions whether federal question jurisdiction has been properly invoked in this case, and, therefore, whether or not the case should be remanded to state court.

### III. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 2, 2011 |
|----------|----------------------|------|-------------|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

      Based on the foregoing, the Court concludes that a substantial question remains regarding whether it has subject matter jurisdiction over the present action.  Accordingly, the remaining Defendants in this case are **ORDERED TO SHOW CAUSE by the close of business on Friday, May 13, 2011** why this case should not be remanded to state court.  <u>**Failure to file a timely response will be deemed consent to remand of the action**</u>.  Further, the motion for summary judgment hearing presently scheduled for **Monday, May 9, 2011, at 9:30 a.m. is hereby VACATED**.

      **IT IS SO ORDERED.**