UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 17, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**          (In Chambers)

## ORDER REMANDING CASE

    This products liability action arises out of the implantation of an artificial cervical disc replacement device, the "ProDisc," in Plaintiff Mikhail Reider-Gordon ("Plaintiff").

    On December 14, 2009, Plaintiff filed suit against Defendants Synthes Spine Company, L.P., Spine Solutions, Inc., Viscogliosi Brothers, LLC, Marc R. Viscogliosi, John J. Viscogliosi, Anthony G. Viscogliosi, and Spine Institute (collectively, "Defendants") alleging causes of action for fraud and misrepresentation, negligence, strict liability in tort-products, breach of warranty, and conspiracy in the Los Angeles County Superior Court. (Docket No. 4, Ex. A [Compl.].) Thereafter, on January 28, 2010, the case was removed to this Court invoking federal question and diversity jurisdiction under 28 U.S.C. sections 1331 and 1332, respectively. (Docket No. 1, Not.)

    On March 10, 2010, Plaintiff filed her FAC, which added Rick B. Delamarter, a resident of California, as a defendant. (FAC ¶ 9.) In sum and substance, Plaintiff alleged in the FAC that Defendants, among other things, intentionally misrepresented the safety, effectiveness, and performance capabilities of ProDisc, and failed to disclose to the FDA, the public, other surgeons, and Plaintiff that the "doctors and clinics that were participating in the clinical trials would benefit financially if the FDA approved the device. . . ." (Id. ¶ 56.) Based on these allegations, Plaintiff averred the following seven state law causes of action in the FAC: (1) fraud and misrepresentation; (2) negligence; (3) medical negligence; (4) breach of fiduciary duty; (5)

LINKS: 1, 77

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 17, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

intentional infliction of emotional distress; (6) negligent infliction of emotional distress; and (7) strict liability in tort-products. (Id. ¶¶ 55-188.)

On May 2, 2011, because the Court questioned whether it had subject matter jurisdiction over this action, it ordered Delamarter and Spine Institute—the only Defendants that remain in this action, (Docket Nos. 60, 71)—to show cause why this case should not be remanded to state court. (Docket No. 77, 5/2/11 Order.) Specifically, the Court explained that diversity jurisdiction no longer appeared to exist because both Plaintiff and Defendant Delamarter are citizens of California. (Id. at 3); Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2nd Cir. 1990) (citation omitted) (stating that "[i]t is well established that for a case to come within [diversity jurisdiction] there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") Moreover, the Court also questioned whether the claims fell within the Court's federal question jurisdiction. (5/2/11 Order at 4.) The Court noted that because there were no federal causes of action alleged on the face of Plaintiff's FAC, the only basis for federal question jurisdiction in the present action would be under the "artful pleading rule." (Id.); ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). Specifically, the Court explained that under this rule, either the state law causes of action had to be completely preempted by the Federal Food, Drug, and Cosmetic Act ("FDCA"), or the allegations in the FAC relating to the FDCA had to raise substantial federal questions. (5/2/11 Order at 4.)

Based on its review of the pending claims, the Court tentatively concluded that neither complete preemption nor the existence of a substantial federal question provided a basis for federal question jurisdiction in the present action. (Id. at 5-6.) The Court first explained that there was no complete preemption in this case because the FDCA does not completely preempt state law, and only three areas of complete preemption has been recognized by the United States—claims under the Labor Management Relations Act, claims under the Employment Retirement and Insurance Security Act, and certain Indian land grant rights—none of which were implicated in this case. (Id. at 5); Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. Aug. 31, 2009); see Hyung v. Kim, 2011 WL 1543821, at *1 (C.D. Cal. Apr. 25, 2011).

Finally, the Court also explained that because there is no private right of action to enforce the FDCA's provisions, Perez, 657 F. Supp. 2d at 1161, the presence of a claimed violation of this act as an element for Plaintiff's state law causes of action was insufficiently "substantial" to confer federal question jurisdiction. (5/2/11 Order at 5); see Perez, 657 F. Supp. 2d at 1161

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00641 GAF (Ex) | Date | May 17, 2011 |
|---|---|---|---|
| Title | Mikhail Reider-Gordon v. Synthes Spine Company, L.P. et al | | |

("When there is no private right of action under a federal statute such as the FDCA, 'the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'") (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986)).

     For those reasons, the Court ordered Delamarter and Spine Institute to show cause why this case should not be remanded for lack of subject matter jurisdiction. The Court cautioned Defendants that their failure to file a timely response by May 13, 2011, would be deemed consent to remand the action.

     To date, neither Delamarter nor Spine Institute have responded to this Court's order. Accordingly, in light of the jurisdictional defects and Delamarter and Spine Institute's failure to file a timely response to the order to show cause, this case is hereby **REMANDED** back to the Los Angeles County Superior Court.

     **IT IS SO ORDERED.**